The document below is hereby signed.

Signed: March 14, 2017



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BEVERLY L. ARMSTRONG, | ) | Case No. 16-00640 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING THE DEBTOR'S MOTION TO SET HEARING

The debtor has filed a *Motion to Set Hearing Date to Reopen Case* (Dkt. No. 18). Through this *Motion*, the debtor seeks to have the dismissal of her Chapter 13 case vacated, such that the automatic stay is reinstated. The *Motion* must be denied.

I

The debtor filed her petition commencing this case on December 14, 2016. The court issued a notice of a meeting of creditors to be held on January 13, 2017, at which the debtor was required to appear and testify.

The debtor failed to file with her petition any certificate of completion of prepetition credit counseling. On December 30, 2016, the court issued an *Order to Show Cause Due to Failure to*

*File Pre-Petition Date Credit Counseling Certificate* (Dkt. No. 11). The debtor failed to respond to that *Order to Show Cause*, and on January 10, 2016, the court entered an order dismissing the case. *See* Dkt. No. 15. The debtor filed her *Motion to Set Hearing Date to Reopen Case* on March 7, 2017.

The debtor explains that she *did* obtain prepetition credit counseling;[1] that she provided her attorney a copy of the certificate of credit counseling on the day that her petition was filed; and that her attorney has failed to represent her properly. *See* Dkt. No. 20. However, her *Motion* comes too late.

Because the *Motion* was filed more than 14 days after the entry of the order of dismissal, the *Motion* is not one under Fed. R. Civ. P. 59 (made applicable by Fed. R. Bankr. P. 9023) and is instead one under Fed. R. Civ. P. 60(b) (made applicable by Fed. R. Bankr. P. 9024). Under Fed. R. Civ. P. 60(c)(1) the debtor was required to file any Rule 60(b) motion for relief from the order of dismissal within a reasonable period of time. The debtor received a copy of the January 10, 2017, order that dismissed the case, and that order clearly set forth that the lack of a prepetition credit counseling certificate was the basis for the dismissal. Despite that, the debtor waited for 56 days

---

[1] On the same day that she filed her *Motion to Set Hearing Date to Reopen Case*, the debtor also filed a certificate of credit counseling demonstrating her prepetition receipt of credit counseling. *See* Dkt. No. 22.

2

after the entry of the order of dismissal to seek to vacate the dismissal.  That is unreasonable delay.

Vacating the dismissal order at this juncture could be prejudicial to creditors.  Today is the bar date for filing a complaint to determine the dischargeability of any of the debtor's debts.  Furthermore, the bar date for non-government creditors to file proofs of claim is on April 13, 2017.  If the order of dismissal were vacated, creditors might have to scramble to get their proofs of claim filed within less than a month (whereas ordinarily, creditors have more than 90-days notice of the deadline to file a proof of claim, as the bar date is 90 days after the first date set for the meeting of creditors and notice of that bar date is set forth in the notice of the meeting of creditors).

Moreover, the debtor has never filed schedules and a statement of financial affairs, as required by 11 U.S.C. § 521(a).  By an *Order to File Missing Documents* entered on December 29, 2016, the court warned the debtor that she had not filed her schedules and statement of financial affairs and that her failure to do so within fourteen days could result in dismissal of her case.  *See* Dkt. No. 10.  That *Order* warned the debtor that:

> Section 521 of the Bankruptcy Code lists the general duties of the debtor(s) in this case, including the duties of the debtor(s) to file certain specified documents. See 11 U.S.C. § 521(a). If any documents

3

> required by § 521(a)(1) are not filed within forty-five (45) days of the petition date, § 521(i) requires that the case be treated as having been dismissed automatically on the forty-sixth day after the filing date (with one exception that is generally unavailable). Section § 521(i)(3) permits extension of the deadlines set forth in § 521(i)(1) by an additional forty-five (45) days upon request of the debtor. The request must be made before the initial forty-five (45) day period expires and generally will be awarded only where there are extraordinary circumstances warranting relief. *If the point is reached that § 521(i) requires automatic dismissal, the court may, without further notice, issue an order reciting that the case has been automatically dismissed.*

Dkt. No. 10, at n.1 (emphasis in original). The case is now in its 91st day and thus has become subject to automatic dismissal by reason of the debtor's failure to file schedules and a statement of financial affairs.

Moreover, despite the passage of 90 days, the debtor has not filed a Chapter 13 plan. Even if the automatic dismissal provision of § 521(i) did not exist, the debtor's failure for 90 days to put the case in a posture where it is ready to move forward is another reason to deny the *Motion*.

The debtor's motion suggests that a foreclosure sale may be imminent, but the trustee and creditors would be entitled to an opportunity to oppose the vacating of the dismissal order, so even if the motion had merit, the court might not be able to hold a hearing before such a foreclosure sale occurs. The dismissal was one without prejudice, and the debtor has the opportunity to file a new case. If the debtor files a new case within a year of

4

the dismissal of this case, then by way of 11 U.S.C. § 362(c)(3), an automatic stay will be in place for 30 days upon the filing of her new case, but upon the motion of the debtor for continuation of the automatic stay, the court may, in certain circumstances, extend the automatic stay **after notice and a hearing completed before the expiration of the 30-day period**.

That the debtor's attorney allegedly failed to represent her adequately is not a basis for relieving the debtor from the dismissal order.  As the Supreme Court noted in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993):

> [W]e have held that clients must be held accountable for the acts and omissions of their attorneys.  In *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), we held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference.  In so concluding, we found "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."  *Id.*, at 633, 82 S.Ct., at 1390. To the contrary, the Court wrote: "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Id.*, at 633-634, 82 S.Ct., at 1390 (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1880)).

II

For all of these reasons, it is

ORDERED that the debtor's *Motion to Set Hearing Date to Reopen Case* (Dkt. No. 18) is DENIED. It is further

ORDERED that no fee shall be charged for the debtor's filing of the *Motion to Set Hearing Date to Reopen Case*.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.